## Hamilton Gay *vs.* John Bowen & another.

In an action to recover the amount of a draft drawn on the plaintiff by partners, and accepted by him, the admissions of one of the partners, made after the dissolution of the partnership, that the draft was accepted by the plaintiff for the accommodation of the firm, may be given in evidence to charge the other partner.

Assumpsit to recover of the defendants the amount of a draft drawn by them on the plaintiff, while they were partners, and accepted by him for their accommodation.

At the trial in the court of common pleas, the plaintiff, to maintain his action, offered in evidence the admissions of Lucius Beach, one of the defendants, that said draft was accepted by the plaintiff for the accommodation of said partners. These admissions were made by said Beach after the dissolution of the partnership between him and the defendant Bowen, and were contained in a schedule of debts which said Beach filed before a master in chancery, on application for the benefit of the insolvent law of 1838. The counsel for Bowen objected to the reception of these admissions as evidence against him ; but the judge ruled that they should be received in evidence, as well against said Bowen as said Beach, and they were received

accordingly. The jury returned a verdict for the plaintiff, and said Bowen alleged exceptions to the said ruling.

*Bacon*, for Bowen. The draft, on the face of it, showed a debt due to the partners, and not from them ; and the admissions of one partner, after the dissolution of the partnership, are not admissible to charge the other. This was not the case of a closing of the concerns of the firm, but was, to all intents, the creating of a new debt by the admissions of one of the firm. This cannot be done by admissions made after the partnership was dissolved. The original debt must be proved by other evidence. The draft is not declared on, and of itself it proves no debt of the firm, or of either of the partners. Story on Part. § 324, & *note*. *Smith* v. *Ludlow*, 6 Johns. 269, 270 *Hackley* v. *Patrick*, 3 Johns. 536. *Walker* v. *Duberry*, 1 A K. Marsh. 189. *Martin* v. *Root*, 17 Mass. 227. *Hunt* v. *Bridgham*, 2 Pick. 583. *Hathaway* v. *Haskell*, 9 Pick. 43.

*Newton*, for the plaintiff, relied on *Bridge* v. *Gray*, 14 Pick 55, and *Cady* v. *Shepherd*, 11 Pick. 400.

DEWEY, J. This case seems to fall within the principle stated in *Bridge* v. *Gray*, 14 Pick. 55, where it was held that upon a joint contract being established, the admissions of each joint debtor as to the existence, payment and settlement of the joint debt, are admissible to bind all the joint debtors.

The same general doctrine, in other language, is stated thus in 3 Stephens Nisi Prius, 2425 : " An admission made by one of two partners, after the dissolution of the copartnership, concerning joint contracts or payments during the partnership, is evidence to charge the other partner."

Here the written contract, which is the foundation of the plaintiff's claim, is a joint contract. It purports on its face to be so, and is conceded to have been such. The effect of the contract is controverted. It is denied that it creates any joint debt or liability. It is said that the acceptance of this draft by the plaintiff proves that he had funds of the drawers in his hands to pay the same. However this may be, and whether such acceptance does or does not, *primâ facie* at least, import the having funds of the drawers adequate to meet the

9 *

same when called for, it is quite certain that the draft which is the subject of controversy was a joint draft, drawn while the partnership existed, and this is all that is material in deciding the question of the competency of the admissions of one of the copartners.    The partnership being proved by other testimony, and the contract being shown to have been made during the copartnership, and not barred by the statute of limitations, the admissions, made by one of the partners after the dissolution, in relation to such contract, are competent evidence.    The case of *Cady* v. *Shepherd*, 11 Pick. 400, is also to the same effect.

*Exceptions overruled.*